UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE SUGITA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>B. PARKER, et al.,<br><br>　　　　Defendants. | Case No.  1:13-cv-00118 AWI-MJS (PC)<br><br>ORDER REQUIRING PLAINTIFF TO FILE OPPOSITION TO DEFENDANT SALINAS' MOTION FOR SUMMARY JUDGMENT<br><br>(ECF No. 28)<br><br>NOTICE AND WARNING OF REQUIREMENTS FOR OPPOSING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>TWENTY-ONE (21) DAY DEADLINE |

　　　Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 28 U.S.C. § 1983.  (ECF Nos. 4 & 10.)  The action proceeds on an Eighth Amendment denial of medical care claim against Defendants Salinas and Longia and a First Amendment retaliation claim against Defendant Longia. (ECF No. 10.)

　　　On January 30, 2015, Defendant Salinas filed a motion for summary judgment. (ECF No. 28.)

Plaintiff filed an opposition to Defendant Longia's motion for summary judgment (ECF No. 27) filed the same date, but has not yet filed an opposition or statement of non-opposition to Defendant Salinas' motion, and the time for doing so has passed. Local Rule 230(*l*).  The Court will give Plaintiff one further opportunity to respond to the motion: <u>Plaintiff must file an opposition or a statement of non-opposition to Defendant Salinas' motion for summary judgment within twenty-one (21) days from the date of service of this Order.</u>

Pursuant to *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012), *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988), the Court hereby notifies Plaintiff of the following rights and requirements for opposing the motion:

1.   Unless otherwise ordered, all motions for summary judgment are briefed pursuant to Local Rule 230(*l*).

2.   Plaintiff is required to file an opposition or a statement of non-opposition to Defendant's motion for summary judgment.  Local Rule 230(*l*).  If Plaintiff fails to file an opposition or a statement of non-opposition to the motion, this action may be dismissed, with prejudice, for failure to prosecute.  The opposition or statement of non-opposition must be filed not more twenty one (21) days from the date of service of this order.  *Id.*

3.   A motion for summary judgment is a request for judgment without trial, and in favor of Defendant, on some or all of Plaintiff's claims.  Fed. R. Civ. P. 56(a). Defendant's motion sets forth the facts which she contends are not reasonably subject to dispute and that entitle her to judgment as a matter of law.  Fed. R. Civ. P. 56(c). This is called the statement of undisputed facts.  Local Rule 260(a).

Plaintiff has the right to oppose the motion for summary judgment.  To oppose the motion, Plaintiff must show proof of her claims.  Plaintiff may agree with the facts set forth in Defendant's motion but argue that Defendant is not entitled to judgment as a matter of law.  In the alternative, if Plaintiff does not agree with the facts set forth in Defendant's motion, she may show that Defendant's facts are disputed in one or more

of the following ways: (1) Plaintiff may rely upon statements made under the penalty of perjury in the complaint or the opposition if (a) the complaint or opposition shows that Plaintiff has personal knowledge of the matters stated and (b) Plaintiff calls to the Court's attention those parts of the complaint or opposition upon which Plaintiff relies; (2) Plaintiff may serve and file declarations setting forth the facts which Plaintiff believes prove her claims;[1] (3) Plaintiff may rely upon written records but Plaintiff must prove that the records are what she claims they are;[2] or (4) Plaintiff may rely upon all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding.  Should Plaintiff fail to contradict Defendant's motion with declarations or other evidence, Defendant's evidence will be taken as truth, and final judgment may be entered without a full trial.  Fed. R. Civ. P. 56(e).

In opposing Defendant's motion for summary judgment, Local Rule 260(b) requires Plaintiff to reproduce Defendant's itemized facts in the statement of undisputed facts and admit those facts which are undisputed and deny those which are disputed.  If Plaintiff disputes (denies) a fact, Plaintiff must cite to the evidence used to support that denial (e.g., pleading, declaration, deposition, interrogatory answer, admission, or other document).  Local Rule 260(b).

4.      If discovery has not yet been opened or if discovery is still open and Plaintiff is not yet able to present facts to justify the opposition to the motion, the Court will consider a request to postpone consideration of Defendant's motion.  Fed. R. Civ. P. 56(d).  Any request to postpone consideration of Defendant's motion for summary judgment must include the following: (1) a declaration setting forth the specific facts Plaintiff hopes to elicit from further discovery, (2) a showing that the facts exist, and (3)

---

[1] A declaration is a written statement setting forth facts (1) which are admissible in evidence, (2) which are based on the personal knowledge of the person giving the statement, and (3) to which the person giving the statement is competent to testify.  28 U.S.C. § 1746; Fed. R. Civ. P. 56(c)(4).  A declaration must be dated and signed under penalty of perjury as follows: "I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.  Executed on (date).  (Signature)."  28 U.S.C. § 1746.

[2] Sworn or certified copies of all papers referred to in the declaration must be included and served on the opposing party.  Fed. R. Civ. P. 56(c).

3

a showing that the facts are essential to opposing the motion for summary judgment. *Blough v. Holland Realty, Inc.*, 574 F.3d 1084, 1091 n.5 (9th Cir. 2009); *Tatum v. City & Cnty. of San Francisco*, 441 F.3d 1090, 1100-01 (9th Cir. 2006); *State of California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998). The request to postpone the motion for summary judgment must identify what information is sought and how it would preclude summary judgment. *Blough*, 574 F.3d at 1091 n.5; *Tatum*, 441 F.3d at 1100-01; *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998); Local Rule 260(b).

5. Unsigned declarations will be stricken, and declarations not signed under penalty of perjury have no evidentiary value.

6. The failure of any party to comply with this Order, the Federal Rules of Civil Procedure, or the Local Rules of the Eastern District of California may result in the imposition of sanctions including but not limited to dismissal of the action or entry of default.

Based on the foregoing, Plaintiff is HEREBY ORDERED to file an opposition or statement of non-opposition to Defendant Salinas' motion for summary judgment within twenty-one (21) days of the service of this order. If Plaintiff fails to file an opposition or statement of non-opposition within twenty-one days, the Court will recommend that the action be dismissed, with prejudice, for failure to obey a court order and failure to prosecute.

IT IS SO ORDERED.

Dated:  March 30, 2015                    /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE