UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE SUGITA,<br><br>            Plaintiff,<br><br>    v.<br><br>B. PARKER, et al.,<br><br>            Defendants. | Case No.  1:13-cv-00118-AWI-MJS (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO:<br><br>1)  GRANT DEFENDANT SALINAS' MOTION FOR SUMMARY JUDGMENT<br><br>(ECF No. 28.)<br><br>2)  GRANT DEFENDANT LONGIA'S PARTIAL MOTION FOR SUMMARY JUDGMENT<br><br>(ECF No. 27.)<br><br>FOURTEEN (14) DAY OBJECTION DEADLINE |

## I.     PROCEDURAL HISTORY

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 28 U.S.C. § 1983. (ECF No. 1 & 4.)  The action proceeds on an Eighth Amendment denial of medical care claim against Defendants Salinas and Longia and a First Amendment retaliation claim against Defendant Longia. (ECF No. 10.)

Plaintiff is an inmate at the Central California Women's Facility in Chowchilla,

California.  Plaintiff filed her Complaint on January 25, 2013 and her First Amended Complaint ("FAC") on June 28, 2013.

Before the Court are Defendants' motions for summary judgment.[1] (ECF Nos. 27 & 28.)  Plaintiff filed oppositions (ECF Nos. 29 & 33.), and Defendants have replied. (ECF Nos. 30 & 31.)[2]  These matters are deemed submitted.  Local Rule 230(*l*).

## II. LEGAL STANDARD – MOTION FOR SUMMARY JUDGMENT

Any party may move for summary judgment, and "[t]he [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed R. Civ. P. 56(c)(1).

"Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).  If the burden of proof at trial rests with the nonmoving party, then the moving party need only point to "an absence of evidence to support the nonmoving party's case." *Id.* Once the moving party has met its burden, the nonmoving party must point to "specific facts showing that there is a genuine issue for trial." *Id.* (*quoting Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986)).

---

[1] Defendant Longia moves for summary judgment on Plaintiff's medical indifference claim alone. Therefore, his motion will be construed as a partial motion for summary judgment, and Plaintiff's claim against him for retaliation will remain open.

[2] Initially, Plaintiff failed to file an opposition to Defendant Salinas' motion for summary judgment.  The Court ordered Plaintiff to do so, and she filed an opposition on April 22, 2015.  (ECF Nos. 32 & 33.) Defendant had already submitted her reply on March 11, 2015.  (ECF No. 31.) Defendant has not sought leave to submit an additional reply or filed an amended reply within the requisite time period since Plaintiff's submission.

In evaluating the evidence, "the [C]ourt does not make credibility determinations or weigh conflicting evidence," and "it draws all inferences in the light most favorable to the nonmoving party." *Id.*

## III.   PLAINTIFF'S CLAIMS

Plaintiff complains in her FAC that Defendant Longia refused to authorize physical therapy even though Longia did not examine Plaintiff and disregarded Plaintiff's efforts to demonstrate her limited mobility. Plaintiff filed an inmate grievance challenging Defendant Longia's decision to deny her physical therapy. In response, Defendant Longia discontinued Plaintiff's prescription without a medical basis and in conscious disregard for her health. Defendant Salinas knew Plaintiff's walker had faulty brakes, and failed to provide a replacement.

## IV.   DEFENDANT SALINAS' MOTION FOR SUMMARY JUDGMENT

### A.   Legal Standard -- Exhaustion

The Prison Litigation Reform Act ("PLRA") stipulates, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Therefore, prisoners are required to exhaust all available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007).

"The primary purpose of a [prisoner's administrative] grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009). "A grievance need not include legal terminology or legal theories unless they are in some way needed to provide notice of the harm being grieved. A grievance also need not contain every fact necessary to prove each element of an eventual legal claim." *Id.* Instead, the grievance must alert "'the prison to the nature of the wrong for which redress is sought,'" *id.* at 1120 (*quoting Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)), and must give the

prison an opportunity "to reach the merits of the issue." *Id.* at 1119.

A motion for summary judgment is the proper means to raise a prisoner's failure to exhaust administrative remedies. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). Defendants have the burden of proving Plaintiff failed to exhaust available administrative remedies. *Id.* A defendant's burden of establishing an inmate's failure to exhaust administrative remedies has been characterized by the Ninth Circuit as "very low." *Albino v. Baca*, 697 F.3d 1023, 1031 (9th Cir. 2012). The "defendant need only show the existence of . . . [a grievance procedure] that the plaintiff did not use." *Id.* (*citing Hilao v. Estate of Marcos*, 103 F.3d 767, 778, n.5 (9th Cir. 1996)).

"If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." *Albino*, 747 F.3d at 1166. If material facts are disputed, summary judgment should be denied, and the district court should decide "disputed factual questions relevant to exhaustion . . . in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue." *Id.* at 1170-71.

### B. Parties' Arguments

According to the Litigation Coordinator at the Facility, Plaintiff has not filed an appeal regarding a defective walker. Thus, Defendant Salinas argues that Plaintiff has not exhausted her administrative remedies.

Plaintiff contends that she submitted a CDCR 22 to Defendant Salinas on May 16, 2012 and did not receive a response. Therefore, pursuant to "Title 15, Article 8.5 3086 (e.2)" she was prevented from pursuing a 602 appeal. (ECF No. 33 at 1.)

### C. Analysis

Defendant Salinas has met her burden of demonstrating that there was an available administrative grievance process that Plaintiff failed to exhaust. Defendant attaches a declaration from the Litigation Coordinator indicating that Plaintiff has filed appeals in the past, but that none of them relate to a defective walker.

4

Plaintiff cites to Title 15 of the California Code of Regulations and contends that she was prevented from exhausting her administrative remedies because she could not file an appeal without Defendant Salinas first responding to her CDCR Form 22.

While an inmate may be excused from exhausting her administrative remedies because the process is "effectively unavailable" or prison officials have obstructed the inmate's ability to follow the process, Plaintiff has not established that is the case here. *Nunez v. Duncan*, 591 F.3d 1217, 1223-26 (9th Cir. 2010).

Section 3086 of the Regulations states that submitting a CDCR Form 22:

> does *not* stay the time constraints for filing an appeal, the inmate or parolee is not precluded from filing an appeal on the same issue prior to receiving a response to their written request.  However, the appeal may be rejected by the appeals coordinator or designee with instructions to complete the request form process before resubmitting the appeal.

15 C.C.R. Art. 8.5 §3086(e)(2) (emphasis added).  In other words, Plaintiff was not required to wait for a response to her CDCR Form 22 prior to filing an appeal, and, in fact, she should not have done so because the time to file an appeal would not have been stayed.  While her appeal may have eventually been rejected because that process had not fully been completed, nothing in this Section disallows the filing of an appeal before a response is received to an inmate's CDCR Form 22.

Accordingly, Defendant Salinas' motion for summary judgment should be GRANTED.

## V. DEFENDANT LONGIA'S MOTION FOR SUMMARY JUDGMENT

### A. Legal Standard -- Inadequate Medical Care

A claim of medical indifference requires: 1) a serious medical need, and 2) a deliberately indifferent response by defendant.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).  A serious medical need may be shown by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  *Id.*; *See also McGuckin v. Smith*, 974 F.2d 1050, 1059-

5

60 (9th Cir. 1992) ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.").

The deliberate indifference standard is met by showing: a) "a purposeful act or failure to respond to a prisoner's pain or possible medical need", and b) "harm caused by the indifference." *Jett*, 439 F.3d at 1096. "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (*quoting Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (brackets omitted) (*quoting Gibson v, Cnty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002)). "[A]n inadvertent failure to provide adequate medical care" does not, by itself, state a deliberate indifference claim for § 1983 purposes. *McGuckin*, 974 F.2d at 1060 (internal quotation marks omitted); *See also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). "A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established." *McGuckin*, 974 F.2d at 1060.

**B.   Factual Background**

In April 2012, Plaintiff suffered a knee injury that required surgery. Defendant Longia treated Plaintiff from approximately August to December 2012, while she was an

inmate at Central California Women's Facility.

As of September 27, 2012, Plaintiff had been attending physical therapy for over three months. On that date, Defendant determined that Plaintiff's condition had improved and she no longer needed physical therapy. Defendant Longia's medical notes from the September 27, 2012 examination indicate he advised Plaintiff to continue exercises on her own and ambulate more.

According to Defendant, he discontinued prescribing Indomethacin for Plaintiff because he believed other medications were effective and did not have the same adverse side effects – such as a then-recent death of an inmate. Defendant's medical notes indicate that he informed Plaintiff that Indomethacin should not be used long term and that Tylenol was a safer medication for her pain. Indomethacin is no longer permitted medication for inmates in California prisons.

### C. Parties' Arguments

Defendant Longia argues that his decisions to discontinue Plaintiff's physical therapy and use of Indomethacin for her pain were based on his medical opinions for the best course of treatment. He did not deny her medical care or intentionally cause her to suffer a serious risk of harm or injury.

Plaintiff argues she was unable to continue the exercises on her own because she lacked necessary equipment, and Indomethacin was the only effective pain medication for her.[3]

### D. Analysis

Neither party disputes that Plaintiff suffered from a knee injury that required her to have surgery and post-surgery follow-up including physical therapy. This fact is sufficient to demonstrate that Plaintiff had a serious medical need.

The determinative issue therefore is whether Defendant Longia knew of and disregarded Plaintiff's serious medical need and the risk of further significant injury

---

[3] Plaintiff's opposition lists Defendant's undisputed facts and a short response to each. She does not provide any exhibits, further argument, or dispute any other points raised by Defendant.

7

resulting from it.  In resolving this issue, the evidence must be viewed in the light most favorable to Plaintiff.

Defendant Longia submits a declaration explaining that he discontinued Plaintiff's physical therapy because her condition had improved, and therefore it was no longer medically necessary.  Defendant Longia advised Plaintiff to continue the exercises and stretches on her own in her unit.  Unless refuted by competent evidence to the contrary, the reasonable conclusion drawn from Defendant's prescription of in-unit, equipment-less exercise is that Defendant medically determined that Plaintiff no longer needed a physical therapist or physical therapy equipment.[4]  Plaintiff submits no competent declaration or other evidence to the contrary.  Without evidence she is qualified to provide medical opinion evidence, her own lay opinions are not probative.  Likewise, Plaintiff presents no competent evidence to support her contention that the only effective medication to treat her pain was Indomethacin.  *See* Fed. R. Evid. 701 (where a witness is not testifying as an expert, his opinion testimony is limited to one based on his perception rather than one based on scientific knowledge).

Based on the above, the Court finds that Plaintiff has not presented admissible evidence to support her allegation that Defendant Longia knew of and disregarded Plaintiff's serious medical needs.  Plaintiff's disagreement with Defendant Longia's determinations is insufficient.  Plaintiff is not qualified to render such medical opinions before this Court and has not provided any evidence from a qualified source to refute Defendant's contrary evidence.

Plaintiff has not met her burden to defeat Defendant Longia's motion for summary judgment.

---

[4] Defendant's declares that he discussed the decision with other medical staff at Central California Women's Facility, and they unanimously agreed with his decision to discontinue Plaintiff's physical therapy sessions.  His statement is evidence that he did consider medically appropriate sources before making his decision.  The reported responses from others constitute inadmissible hearsay and have not been considered by the Court.

## VI. CONCLUSION AND RECOMMENDATION

The Court finds that there is no genuine issue of material fact regarding Plaintiff's failure to exhaust her administrative remedies with respect to Defendant Salinas and that Defendant Longia was not deliberately indifferent to Plaintiff's medical needs. Based on the foregoing, the Court HEREBY RECOMMENDS that Defendants' motions for summary judgment (ECF No. 27 & 28.) be GRANTED.

Since Defendant Longia did not move for summary judgment on Plaintiff's First Amendment retaliation claim against him, the case remains open as to that claim.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen** (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within **fourteen** (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (*citing Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   May 15, 2015                   /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE