UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE SUGITA,<br><br>    Plaintiff,<br><br>    v.<br><br>B. PARKER, et al.,<br><br>    Defendants. | Case No.  1:13-cv-00118-AWI-MJS (PC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO (1) GRANT DEFENDANT SALINAS'S MOTION FOR SUMMARY JUDGMENT, AND (2) GRANT DEFENDANT LONGIA'S PARTIAL MOTION FOR SUMMARY JUDGMENT**<br><br>**(ECF No. 34)**<br><br>**CASE TO REMAIN OPEN** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 of the United States District Court for the Eastern District of California.

On May 15, 2015, the Magistrate Judge issued findings and recommendations to grant Defendant Salinas's motion for summary judgment and grant Defendant Longia's partial motion for summary judgment. (ECF No. 34.) Plaintiff filed objections. (ECF No. 35.) Defendants filed no reply.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of this case.

Plaintiff's objection that she exhausted administrative remedies against Defendant Salinas by filing a CDCR Form 22 is without merit. As stated in the findings

and recommendations, Plaintiff was not required to await a response to her Form 22 prior to filing her grievance, nor did the filing of a Form 22 stay the time for her to file such a grievance. Plaintiff has not shown compliance with the available grievance process or that the process was effectively unavailable to her.

With respect to Defendant Longia, the Magistrate Judge concluded that there was no competent evidence to refute Longia's statement that his medical decisions were motivated by his medical opinions as to the best course of treatment, rather than deliberate indifference. Plaintiff now contends that "Exhibit 5, page 9" and "Exhibit 7" support her need for continued physical therapy and medication. However, no such exhibits are included with Plaintiff's complaint, her opposition to the motion for summary judgment, or her objections. Likewise, Defendants' motions for summary judgment do not include an Exhibit 5 or an Exhibit 7, and the Court is unable to locate any documents containing the material described by Plaintiff. Thus, no such evidence is before the Court.

Moreover, Plaintiff describes a single statement from Exhibit 5, that a physical therapist noted that Plaintiff "would benefit from additional therapy." However, there is no indication that physical therapy was necessary, or that Plaintiff would not also receive a benefit from the exercises that Longia had prescribed, or that there was an excessive risk to Plaintiff from not continuing physical therapy. That is, the statement does not reflect deliberate indifference. See Colwell v. Bannister, 763 F.3d 1060, 1068 (9th Cir. 2014) ("A difference of opinion between a physician and the prisoner – or between medical professionals – concerning what medical care is appropriate does not amount to deliberate indifference. Rather, to show deliberate indifference, the plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to plaintiff's health.").

Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, it is HEREBY ORDERED that:

1. The Court adopts the findings and recommendations (ECF No. 34), filed May 15, 2015, in full;

2. Defendant Salinas's motion for summary judgment (ECF No. 28) is GRANTED;

3. Defendant Longia's partial motion for summary judgment (ECF No. 27) is GRANTED; and

4. The case shall remain open for further proceedings on Plaintiff's First Amendment retaliation claim against Defendant Longia.

IT IS SO ORDERED.

Dated:   June 30, 2015

SENIOR DISTRICT JUDGE

3