UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE SUGITA,<br><br>           Plaintiff,<br><br>     v.<br><br>B. PARKER, et al.,<br><br>           Defendants. | CASE NO. 1:13-cv-00118-AWI-MJS (PC)<br><br>ORDER DENYING DEFENDANT'S MOTION TO MODIFY SECOND SCHEDULING ORDER<br><br>(ECF No. 40) |

**I.   PROCEDURAL HISTORY**

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 28 U.S.C. § 1983. (ECF Nos. 4 & 10.) The action proceeds on a First Amendment retaliation claim against Defendant Longia.[1] (ECF No. 10.)

The Court's Discovery and Scheduling Order set December 8, 2014 as the

---

[1] The Court granted Defendants Salinas and Longia's motions for summary judgment on Eighth Amendment medical indifference claims. (ECF No. 36.)

deadline for filing dispositive motions.  (ECF No. 16.)  Upon Defendants' request, the Court extended that deadline to January 30, 2015.  (ECF No. 26.)  Defendants' filed motions for summary judgment, and the Court entered findings and recommendations to grant the motions on May 15, 2015.  (ECF No. 34.)  On July 1, 2015, the District Court adopted the findings and recommendations.  (ECF No. 36.)

On July 6, 2015, the Court entered the Second Scheduling Order setting a pretrial conference for October 5, 2015 and a trial date of December 1, 2015.  (ECF No. 37.)  The Court also ordered the parties to notify the Court within 30 days whether they consented to Magistrate Judge jurisdiction.  Plaintiff has consented, but Defendant has failed to respond within the requisite time period.  (ECF No. 38.)  Defendant now seeks to modify the Court's Second Scheduling Order (ECF No. 37) in order to file a motion for judgment on the pleadings.  (ECF No. 40.)

## II.     MOTION TO MODIFY SCHEDULING ORDER

Federal Rule of Civil Procedure 16(b)(4) allows the Court to modify its scheduling order for good cause.  The "good cause" standard focuses primarily on the diligence of the party seeking the amendment.  *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir.1992).  "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  *Id.*  "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification."  *Id.*  Therefore, parties must "diligently attempt to adhere to th[e] schedule throughout the subsequent course of the litigation."  *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999).  The Court has wide discretion to extend time, *Jenkins v. Commonwealth Land Title Ins. Co.,* 95 F.3d 791, 795 (9th Cir. 1996), provided a party demonstrates some justification for the issuance of the enlargement order.  Fed. R. Civ. P. 6(b)(1); *Ginett v. Fed. Express Corp.,* 166 F.3d 1213 at 5* (6th Cir. 1998).

Here, Defendant Longia seeks additional time, until September 18, 2015, to file a motion for judgment on the pleadings and to continue the pretrial conference to October 26, 2015.  Defendant argues that he needs additional time because the retaliation claim was not easily identified in Plaintiff's First Amended Complaint.  Defendant contends that briefing the motion will not delay trial (which is over two months away), it may save the parties and the Court the time and expense of trial, he likely will prevail on the motion (since the Court granted summary judgment motion on the Eighth Amendment claim), and Defendant would be prejudiced if the motion is not granted and he is denied the opportunity to raise the defense.

Defendant has not demonstrated good cause for modifying the Court's Second Scheduling Order.  Defendant's only basis for not raising the issue sooner or filing a timely dispositive motion on Plaintiff's First Amendment retaliation claim is that the claim was not readily identifiable in the First Amended Complaint.  However, the Court screened Plaintiff's First Amended Complaint and explicitly found that Plaintiff had stated a retaliation claim against Defendant -- clearly placing Defendant on notice of the claim.  (ECF No. 10.)  The Court also noted in a subsequent order that the case was proceeding on that claim.  (ECF No. 23.)  It thus appears that responsibility for the failure to file a dispositive motion on the claim within the requisite time lies squarely upon Defense counsel.  Counsel's inadvertence or carelessness fails to meet the "good cause" standard.  *See Johnson,* 975 F.2d at 609.

Moreover, even if Defendant did not become aware of the existence of the claim prior to the Court's July 1, 2015, ruling on the motions for summary judgment, Defendant has not demonstrated diligence in requesting modification since then.  The Second Scheduling Order was entered on July 6, 2015.  Defendant did not seek modification of it until September 10, 2015.  Defendant offers no explanation for the delay.

The Defendant's failure to comply with the Court's order to notify the Court regarding consent to Magistrate Judge jurisdiction does not reflect well on counsel or on his request for more time. (ECF No. 37.)

**III. ORDER**

Accordingly, it is HEREBY ORDERED that:

1. Defendant's motion to modify the Second Scheduling Order is DENIED. (ECF No. 40.); and

2. Defendant must notify the Court whether he consents to Magistrate Judge jurisdiction within **seven (7)** days of service of this order.

IT IS SO ORDERED.

Dated:  September 16, 2015         /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE