UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE SUGITA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>B. PARKER, et al.,<br><br>　　　　　Defendants. | CASE NO. 1:13-cv-00118-AWI-MJS (PC)<br><br>ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO COMPLY WITH COURT ORDER<br><br>(ECF No. 37)<br><br>FOURTEEN (14) DAY DEADLINE |

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 4 & 10.) The action proceeds on a First Amendment retaliation claim against Defendant Longia.[1] (ECF No. 10.)

On July 6, 2015, the Court issued a second scheduling order, requiring Plaintiff to file and serve a pretrial statement on or before September 7, 2015. (ECF No. 37.) The deadline for Plaintiff to file a pretrial statement has passed without Plaintiff filing her statement or seeking an extension of time to do so.

---

[1] The Court granted Defendants Salinas and Longia's motions for summary judgment on Eighth Amendment medical indifference claims. (ECF No. 36.)

Federal Rules of Civil Procedure 16(f) and 37(b)(2)(A)(v) allow the Court to dismiss an action for failure to obey a scheduling or other pretrial order.  Additionally, Rule 41(b) and Local Rule 110 allow for dismissal for failure to comply with any order of the Court.  In determining whether to dismiss an action for failure to comply with a Court order, the Court must consider several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the [C]ourt's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic alternatives."  *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986); *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

Here, the first two factors clearly support dismissal.  Plaintiff's failure to timely file a pretrial statement creates the possibility that the scheduled telephonic trial confirmation hearing and trial will be postponed, impeding resolution of this case.

Plaintiff's conduct also is likely to prejudice Defendant, whose time to file a responsive pretrial statement may be shortened.  Additionally, Plaintiff has not provided an explanation to excuse her failure to comply with the Court's order.  Accordingly, the third factor also weights in favor of dismissal.  *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987) ("Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default.")

The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.

Finally, as for the availability of lesser sanctions, at this stage in the proceedings there is little available which would constitute a satisfactory lesser sanction while preserving scarce Court resources.  Plaintiff has not paid the filing fee for this action and likely is unable to pay, making monetary sanctions of little use.

Accordingly, it is HEREBY ORDERED THAT:

1. Within fourteen (14) days of service of this Order, Plaintiff shall either show

cause as to why this action should not be dismissed with prejudice for failure to comply with the Court's second scheduling order (ECF No. 37.), or file a pretrial statement; and

2. If Plaintiff fails to show cause or file a pretrial statement, the undersigned shall dismiss this action, with prejudice, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). *Silva v. Di Vittorio*, 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated: September 16, 2015 /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE

3