UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE SUGITA,<br><br>             Plaintiff,<br><br>     v.<br><br>B. PARKER, et al.,<br><br>             Defendants. | CASE NO. 1:13-cv-00118-AWI-MJS (PC)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(ECF No. 43)<br><br>ORDER GRANTING, IN PART, MOTION TO MODIFY DEADLINE TO FILE PRETRIAL STATEMENT<br><br>(ECF No. 44) |

**I.     PROCEDURAL HISTORY**

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 28 U.S.C. § 1983.  (ECF Nos. 4 & 10.)  The action proceeds on a First Amendment retaliation claim against Defendant Longia.[1]  (ECF No. 10.)

Defendant filed a motion seeking to modify the Court's Second Scheduling Order (ECF No. 37.) to enable him to file a motion for judgment on the pleadings.  (ECF No. 40.)  The Court denied the motion based on Defendant's failure to demonstrate good cause.  Defendant attributed the failure to raise the retaliation claim sooner to counsel's inadvertence.  Defendant did not explain the delay in bringing the motion to modify the

---

[1] The Court granted Defendants Salinas and Longia's motions for summary judgment on the Eighth Amendment medical indifference claims.  (ECF No. 36.)

scheduling order.  (ECF No. 41.)

Before the Court is Defendant's application for reconsideration of the Court's ruling.  (ECF No. 43.).  Defendant also filed a motion to modify the deadline for filing his pretrial statement.  (ECF No. 44.)

## II.     MOTION FOR RECONSIDERATION

### A.     Legal Standard

Federal Rule of Civil Procedure 60(b)(1) allows the Court to relieve a party from an order due to "mistake, inadvertence, surprise, or excusable neglect."  In seeking reconsideration of an order, Local Rule 230(j) requires a party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009), and "'[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation . . .'" of that which was already considered by the court in rendering its decision.  *U.S. v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (*quoting Bermingham v. Sony Corp. of Am., Inc.*, 820 F. Supp. 834, 856 (D. N.J. 1992)).

### B.     Analysis

Defendant argues that: 1)  the Court improperly denied relief on the mistaken belief that Defendant had failed to submit his consent or decline to Magistrate Judge jurisdiction, and, 2) there is good cause for late filing of the motion due to counsel's trial and vacation schedule.  Defendant withdraws his argument that Plaintiff's retaliation claim was not readily identifiable.  Defendant no longer seeks to delay the pretrial confirmation hearing.

2

Defendant is correct that both he and Plaintiff filed consent and decline forms prior to the Court issuing its Second Scheduling Order. (ECF Nos. 5 & 18.) However, in the Second Scheduling Order, the Court, thinking the parties might be willing to consent for purposes of trial, again requested the forms. (ECF No. 37.) Defendant's notification that he relies on his previously submitted declination of Magistrate Judge jurisdiction is sufficient; he need not resubmit the form.

The Court noted in its ruling that Defendant's failure to respond regarding consent did not reflect well on counsel's request for more time. As noted, however, the Court did not deny Defendant's motion because of that failure.

Defendant also explains that his delay in requesting a modification of the Second Scheduling Order was due to defense counsel's trial and vacation schedule. Defendant argues that, if granted, his request for leave to file a judgment on the pleadings would not delay trial currently set for December 1, 2015, and it would promote judicial economy. Defendant claims he will be prejudiced if denied leave to file a motion for judgment on the pleadings for failure to state a claim.

The only new facts presented on this request for reconsideration are those attributing delay in filing a motion for modification to counsel's trial and vacation schedule. While that may excuse Defendant's approximately two-month delay in bringing the motion, it does not demonstrate good cause for granting Defendant leave to file a dispositive motion at this stage in the proceedings, thereby effectively modifying the Court's original discovery and scheduling order a second time. (ECF No. 16.) "Good cause means scheduling deadlines cannot be met despite a party's diligence." *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir.1992). Because Defendant no longer seeks to move the pretrial conference but only requests leave to file a motion for judgment on the pleadings, he must demonstrate good cause for not complying with the Court's original scheduling order. Defendant has not done so.

The Court finds no basis for reconsidering its denial of Defendant's motion for modification of the Second Scheduling Order. The defense of failure to state a claim remains available to Defendant.

### III. MOTION TO MODIFY DEADLINE TO FILE PRETRIAL STATEMENT

Defendant seeks to modify the Second Scheduling Order to re-set the deadline for him to file his pretrial statement from September 21, 2015 to fourteen days after Plaintiff files her pretrial statement.

Plaintiff has not filed her pretrial statement, which was due on September 7, 2015. The Court has accordingly ordered Plaintiff to show cause why his case should not be dismissed for failure to comply with a Court order. (ECF No. 42.)

Because Defendant cannot file a responsive pretrial statement without Plaintiff first filing a pretrial statement and thus his delay in filing a pretrial statement is through no fault of his own, the Court finds good cause to grant Defendant's motion. Once the order to show cause has been resolved, the Court will set a deadline for Defendant to file a pretrial statement.

### IV. CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendant's motion for reconsideration is DENIED (ECF No. 43.); and
2. Defendant's motion to modify the deadline to file his pretrial statement is GRANTED, in part. A deadline for Defendant's pretrial statement will be set once the Court resolves the pending order to show cause against Plaintiff. (ECF No. 44.)

IT IS SO ORDERED.

Dated:   September 30, 2015            /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE

4