# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE SUGITA, | Case No. 1:13-cv-00118-AWI-MJS (PC) |
| Plaintiff, | **PRETRIAL ORDER** |
| v. | **Telephonic Trial Confirmation Hearing:** November 16, 2015, at 3:00 p.m. in Courtroom 2 (AWI) |
| B. PARKER, et al., | |
| Defendants. | **Motions in Limine Filing Deadline:** November 18, 2015 |
| | **Opposition to Motions in Limine Filing Deadline:** November 25, 2015 |
| | **Jury Trial:** December 1, 2015, at 8:30 a.m. in Courtroom 2 (AWI) |

Plaintiff Janice Sugita ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 25, 2013. (ECF Nos. 4 & 10.) The matter proceeds on a First Amendment retaliation claim against Defendant Longia. (ECF Nos. 9 & 10.)

The events giving rise to Plaintiff's federal constitutional claims occurred at the Central California Women's Facility in September 2012 and January 2013. (ECF No. 9.) At the time of the events, Defendant Longia was a doctor at the facility. (ECF No. 9.)

## I.    Jurisdiction and Venue

The Court has subject matter jurisdiction over this federal civil rights action. 28 U.S.C. § 1331. Venue is proper because the conduct allegedly occurred in this judicial district.

**II.     Jury Trial**

Defendant demanded a trial by jury; therefore, this action shall be tried by jury. Fed. R. Civ. P. 38(b), 39(a).

**III.    Facts**

    **A.     Undisputed Facts[1]**

1. Plaintiff is an inmate incarcerated at the Central California Women's Facility ("CCWF") in Chowchilla, California at all times relevant to the claim at issue.

2. Defendant Longia is a licensed physician and surgeon employed with the California Department of Corrections and Rehabilitation at CCWF at all times relevant to the claim at issue. Defendant's primary duty at CCWF is to provide medical care and treatment to inmates.

3. On April 13, 2012, Plaintiff suffered a knee injury, and on April 26, 2012 she had corrective surgery.

4. Defendant was the treating physician for Plaintiff from approximately August 2012 to December 2012.

    **B.     Disputed Facts**

        **1.     Defendant**

Whether, as Plaintiff alleges, Dr. Okereke stated to Plaintiff on June 28, 2013: "Dr. Longia told me not to give you Indomethacin because you 602'ed him."

        **2.     Plaintiff**

1. Whether Indomethacin was removed from the list of permitted medications prescribed by physicians to inmates prior to November 21, 2012.

2. Defendant Longia denied Plaintiff Indomethacin on November 21, 2012 after she filed a CDC 602 grievance against him regarding a physical therapy matter.

3. Whether Defendant Longia denied Plaintiff Indomethacin because she filed a grievance against him.

---

[1] The only undisputed fact Plaintiff identifies in her pretrial statement is that Defendant Longia retaliated against her. This statement is not one of fact and is in dispute. The Court has determined the undisputed facts from Defendant's pretrial statement and the pleadings in this case.

2

**C.     Disputed Evidentiary Issues**[2]

    **1.     Defendant**

Defendant Longia anticipates objecting to the introduction of the following:

1.     Any witnesses or evidence not previously identified or produced by Plaintiff in response to Defendant's discovery requests;

2.     Any evidence that pertains to an element of any claim not properly plead in the First Amended Complaint;

3.     Any evidence that is irrelevant to an element of Plaintiff's First Amendment retaliation claim;

4.     Any testimony by Plaintiff that Dr. Longia told Dr. Okereke not to give Plaintiff Indomethacin because Plaintiff "602'ed him" on grounds that, among other things, the statement is hearsay, irrelevant and lacks foundation;

5.     Any witnesses not disclosed in Plaintiff's Pretrial Statement; and

6.     The "Listed Formulary Updates" noted in Plaintiff's Pretrial Statement.

Defendant reserves the right to file any other necessary motions in limine in accordance with the schedule set by the Court.

    **2.     Plaintiff**

It is unclear if Plaintiff intends to object to the introduction of any evidence offered by Defendants.  It appears that Plaintiff intends to introduce the following, and to which she believes Defendants will object:

1.     CDC 602's CCWF HC 12027356 and CCWF HC 12027660;

2.     PDR Ninth Edition, Listed Formulary Updates; and

3.     Evidence indicating that the physical deformity of her right knee is quite visible.

**D.     Special Factual Information**

None.

---

[2] The parties may file motions in limine, addressed in section XVIII, and/or object to the introduction of evidence at trial.

3

**IV.    Relief Sought**

In Plaintiff's First Amended Complaint, she seeks monetary damages. However, in Plaintiff's pretrial statement, she also identifies a request for injunctive relief. Plaintiff seeks an order for physical therapy consultation for pain management and removal from her current and future work and programming placement assignments.

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (*quoting Winter*, 555 U.S. at 20). Here, Plaintiff has not pled any of the elements for an injunction, nor did her complaint request injunctive relief. Injunctive relief is not a part of this case and will not be granted.[3]

Defendant does not identify any relief sought.

**V.    Points of Law**

  **A.    Section 1983**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*,

---

[3] Furthermore, courts have no power to issue an order against individuals who are not parties to a suit pending before it. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969); *Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1985). Dr. Longia is the only remaining defendant in this case. The injunctive relief identified in Plaintiff's pre-trial statement appears to be relief that could only be provided by an entity or person other than Dr. Longia. Thus, even if injunctive relief were a part of this case, the injunction requested could not be issued. See id.

4

297 F.3d 930, 934 (9th Cir. 2002). Under § 1983, Plaintiff must link each defendant to the participation in the violation at issue. *Ashcroft v. Iqbal*, 556 U.S. 662, 676-77, 129 S.Ct. 1937, 1948-49 (2009); *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Jones*, 297 F.3d at 934. Liability may not be imposed under a theory of *respondeat superior*; some causal connection must exist between the conduct of each defendant and the violation at issue. *Iqbal*, 556 U.S. at 676-77; *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Moss v. U.S. Secret Service*, 711 F.3d 941, 967-68 (9th Cir. 2013); *Lacey v. Maricopa County*, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

### B.     First Amendment Retaliation Claim

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

### C.     Punitive Damages

Plaintiff has the burden of proving what, if any, punitive damages should be awarded by a preponderance of the evidence. NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS § 5.5 (2008). The jury must find that Defendant's conduct was "motivated by evil motive or intent, or . . . involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1986). Acts or omissions which are malicious, wanton, or oppressive support an award of punitive damages. *Dang v. Cross*, 422 F.3d 800, 807-08 (9th Cir. 2005).

### D.     Federal Rules of Evidence

Federal Rules of Evidence 608 and 609 provide that evidence of a witness's prior felony conviction or instance of conduct demonstrating a propensity to lie may be used to impeach that witness's testimony. Federal Rule of Evidence 404(b) provides that evidence of prior crimes, wrongs, or acts cannot be used to prove the character of the person in order to show conduct in conformity with that character trait. Such prior acts may be admissible for other purposes only,

such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *Id.*

## VI. Abandoned Issues

None.

## VII. Witnesses[4]

**The following is a list of witnesses that the parties expect to call at trial, including rebuttal and impeachment witnesses. NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).**

    **A.    Plaintiff's Witness List**

Plaintiff has not identified any witnesses.

    **B.    Defendant's Witness List[5]**

        1.    Janice Sugita

        2.    Harminder Longia

## VIII. Exhibits

**The following is a list of documents or other exhibits that the parties expect to offer at trial. NO EXHIBIT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).**

    **A.    Plaintiff's Exhibits**

        1.    CDC 602 CCWF HC 12027356;

        2.    CDC 602 CCWF HC 12027660; and

---

[4] Neither party is required to call all of the witnesses listed. However, non-party witnesses the defense plans to call must be available by 8:30 a.m. on December 1, 2015. The Court will not delay the proceedings because of witness unavailability.

[5] Defendant indicates that in addition to Plaintiff and himself, he wishes to call all witnesses listed in Plaintiff's pretrial statement. Yet, Plaintiff has not identified any.

3. PDR Ninth Edition, Listed Formulary updated of California Correctional Health Care.

    **B.** **Defendants' Exhibits**

        1. All of Plaintiff's Exhibits subject to objections and exclusion by motion in limine;

        2. Excerpts of Plaintiff's responses to Defendant's Requests for Production of Documents, Interrogatories, and Requests for Admissions;

        3. Exhibits to all motions for summary judgment and supporting documents;

        4. Excerpts of Plaintiff's medical records;

        5. Excerpts of the Deposition of Janice Sugita, including exhibits; and

        6. Excerpts of documents produced by the CDCR in response to Plaintiff's subpoenas.

## IX. Discovery Documents to be Used at Trial

    A. Defendant anticipates using the following discovery documents at trial:

        1. Plaintiff's responses to Defendant's Requests for Production of Documents, Interrogatories, and Requests for Admissions.

    B. Plaintiff anticipates using the following discovery documents at trial:

        1. Defendant Longia's partial motion for summary judgment; and

        2. Defendant Longia's statement of undisputed material facts in support of summary judgment or, in the alternative, summary adjudication of issues, items 12 and 13.

## X. Further Discovery or Motions

Defendant anticipates filing motions *in limine*. Defendant also sought clarification on his right to file a motion to dismiss, but the Magistrate Judge has subsequently provided clarification.

## XI. Stipulations

None.

7

**XII. Amendments/Dismissals**

Defendants do not list any amendments.

**XIII. Settlement Negotiations**

The parties have not engaged in settlement negotiations.

**XIV. Agreed Statement**

None.

**XV. Separate Trial of Issues**

Punitive damages will be bifurcated.

**XVI. Impartial Experts – Limitation of Experts**

None.

**XVII. Attorney's Fees**

Defendant seeks costs and attorney's fees should he prevail in the action.

**XVIII. Further Trial Preparation**

    **A. Telephonic Trial Confirmation Hearing**

A telephonic trial confirmation hearing is set for November 16, 2015, at 3:00 p.m. before the undersigned.

    **B. Motions In Limine Hearing and Briefing Schedule**

Any party may file a motion in limine, which is a procedural mechanism to limit in advance testimony or evidence in a particular area. *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009) (quotation marks omitted). In the case of a jury trial, the Court's ruling gives Plaintiff and Defendant's counsel advance notice of the scope of certain evidence so that admissibility is settled before attempted use of the evidence before the jury. *Id.* at 1111-12 (quotation marks omitted).

Any motions in limine must be served on the other party, and filed with the Court, by November 18, 2015. Any motion in limine must clearly identify the nature of the evidence that the moving party seeks to prohibit the other side from offering at trial.

Any opposition to a motion in limine must be served on the other party, and filed with the Court, by November 25, 2015.

8

If any party files a motion in limine, the Court will hear and decide such motions on December 1, 2015, the morning of trial, at 8:30 a.m.[6]

Whether a party files a motion in limine, that party may still object to the introduction of evidence during the trial.

### C. Duty of Counsel to Pre-Mark Exhibits

The parties are ordered to meet and confer no later than November 18, 2015, for purpose of pre-marking and examining each other's exhibits. All joint exhibits must be pre-marked with numbers preceded by the designation JT (e.g., JTX-1, JTX-2). All of Plaintiff's exhibits shall be pre-marked with numbers (e.g., PX-1, PX-2, etc.). All of Defendant's exhibits shall be pre-marked with letters (e.g., PX-A, PX-B, etc.).

1. Defendant's counsel shall create four (4) complete, legible sets of exhibits in binders as follows:

　　(a) Two sets of binders to be delivered to Courtroom Clerk Renee Gaumnitz by November 25, 2015, one for use by the Courtroom Clerk and the other for the Court; and

　　(b) One set for each counsel's own use.

If the parties desire, they may have a fifth set of binders to be used for the purposes of questioning witnesses.

2. Defendant's counsel and Plaintiff shall meet and confer and make the following determination with respect to each proposed exhibit to be introduced into evidence and Defendant's counsel shall prepare separate indexes - one listing joint exhibits, and one listing each party's separate exhibits as follows:

　　(a) Duplicate exhibits (i.e., documents which both sides desire to introduce into evidence) shall be marked as a joint exhibit and numbered as directed above (e.g., JTX-1). Joint exhibits shall be listed on a separate index and shall be admitted into evidence on the motion of any party without further foundation.

　　(b) Exhibits that are not jointly offered and to which there is no objection to

---

[6] The parties should be prepared discuss the dates the Court has set for the filing and hearing of motions in limine at the telephonic trial confirmation hearing on November 16, 2015.

9

introduction shall likewise be appropriately marked (e.g., PX-1 or DX-A) and shall be listed in the offering party's index in a column entitled "Admitted In Evidence." Such exhibits will be admitted upon introduction and motion of the party, without further foundation.

(c) Those exhibits to which the only objection is a lack of foundation shall be marked appropriately (e.g., PX-2 - For Identification, or DX-B - For Identification) and shall be indexed in a column entitled "Objection Foundation."

(d) Remaining exhibits to which there are objections to admissibility not solely based on a lack of foundation shall likewise be marked appropriately (e.g., PX-3 - For Identification or DX-C - For Identification) and shall be indexed in a third column entitled "Other Objection" on the offering party's index.

3. Each separate index shall consist of the exhibit number or letter, a brief description of the exhibit, and the three columns outlined above, as demonstrated in the example below:

INDEX OF EXHIBITS

| EXHIBIT # | DESCRIPTION | ADMITTED IN EVIDENCE | OBJECTION FOUNDATION | OTHER OBJECTION |
|---|---|---|---|---|

Two sets of the completed joint index and the separate indexes shall be delivered to the Courtroom Clerk with the two sets of binders.

The Court has no objection to counsel using copies. However, the copies must be legible. If any document offered into evidence is partially illegible, the Court may *sua sponte* exclude it from evidence.

**D.   Discovery Documents**

By Wednesday, November 25, 2015, each party shall file a list of all discovery documents the party intends to use at trial. The list shall indicate whether each discovery document has previously been lodged with the Clerk. If the discovery document has not been previously lodged, the party shall so lodge the document with the Courtroom Clerk by Wednesday, November 25, 2015.

### E. Trial Briefs

The parties are directed to file and serve their trial briefs by November 20, 2015. Local Rule 285. The parties need not include in the trial brief any issue that is adequately addressed in a motion in limine or in an opposition brief to a motion in limine. Any response to a trial brief shall be filed and served by November 25, 2015.

### F. Voir Dire

The parties shall file and serve proposed voir dire questions, if any, by November 20, 2015.

Further, in order to aid the Court in the proper voir dire examination of the prospective jurors, counsel should lodge with the Court on the first morning of trial a list of all prospective witnesses, including rebuttal witnesses, that counsel reasonably expect to call. The purpose of the lists is to advise the prospective jurors of possible witnesses to determine if a prospective juror is familiar with any potential witness.

### G. Agreed Summary Of The Case

The parties shall lodge with the Courtroom Clerk a joint agreed summary of the case, briefly outlining the positions of the parties, by November 20, 2015. The summary will be read to the jury panel at the outset of the trial solely for the purposes of assisting in the jury selection process. The contents of the summary shall not be deemed to be evidence or an admission or stipulation by a party as to any contested fact or issue.

### H. Proposed Jury Instructions

The parties shall file and serve proposed jury instructions by November 20, 2015.

All proposed jury instructions shall be in duplicate. One set shall indicate the party proposing the instruction, with each instruction numbered or lettered, shall cite supporting authority, and shall include the customary "Given, Given as Modified, or Refused," showing the Court's action with regard to each instruction. The other set shall be an exact copy of the first set, but shall be a "clean" copy that does not contain the identification of the offering party, instruction number or letter, supporting authority, or reference to the Court's disposition of the proposed instruction.

The parties are ordered to confer after the trial confirmation hearing to determine which instructions they agree should be given. As soon as possible thereafter, the parties shall submit a list of joint, unopposed instructions. As to those instructions to which the parties dispute, the Court will conduct its jury instruction conference during trial at a convenient time.

### I.     **Proposed Verdict Form**

The parties shall file and serve a proposed verdict form by 4:00 p.m. on November 20, 2015.

### J.     **Use Of Videotape and Computers**

Any party wishing to use a videotape for any purpose during trial shall lodge a copy of the videotape with the Courtroom Clerk by November 25, 2015. If a written transcript of audible words on the tape is available, the Court requests that the transcript be lodged with the Court, solely for the aid of the Court.

If Defendant's counsel intends to use a laptop computer for presentation of evidence, he or she shall contact the Courtroom Clerk at least one week prior to trial. The Courtroom Clerk will then arrange a time for counsel to bring the laptop to the courtroom, and meet with a representative of the Information and Technology Department and receive a brief training session on how counsel's equipment interacts with the Court's audio/visual equipment. If Defendant's counsel intends to use PowerPoint, the resolution should be set no higher than 1024 x 768 when preparing the presentation.

### K.     **Morning Conferences During Trial**

During the trial, it is the obligation of counsel to meet with the Court each morning to advise the Court and the opposing side which documents are proposed to be put into evidence that have not previously been admitted by stipulation, court order, or otherwise ruled upon. The Court will rule on those documents, to the extent possible, prior to the commencement of trial each day out of the presence of the jury. If the ruling depends upon the receipt of testimony, the Court will rule as requested upon the receipt of such testimony.

12

The Court shall consider any other legal matter at morning conferences as well. The Court does not wish to recess the trial to hear legal argument outside of the presence of the jury, and proper preparation by counsel will eliminate the need for that result.

### L. Order Of Witnesses

In order to make the trial operate efficiently and smoothly, counsel have the continuing obligation to advise the opposing side as to which witnesses he or she intends to call at each trial session.

## XIX. Rules of Conduct During Trial

### A. General Rules

1. All participants in the trial shall conduct themselves in a civil manner. There shall be no hostile interchanges between any of the participants.

2. All oral presentations shall be made from the podium, unless otherwise permitted by the Court.

3. Sidebar conferences are discouraged. Legal arguments or discussion of issues outside the presence of the jury should be done during recesses.

4. Counsel shall advise their respective clients and witnesses not to discuss any aspect of the case in the common areas of the courthouse accessible to the jurors, such as the lobby, the elevators, the hallways and the cafeteria.

### B. Jury Selection

1. The Court will conduct voir dire to be supplemented by any written questions submitted by counsel prior to trial and after the Court has concluded its questioning of the jury panel. In some circumstances, the Court may allow brief direct questioning by counsel.

### C. Opening Statements

1. Counsel may use visual aids in presenting the opening statement. However, any proposed visual aids shall be shown to opposing counsel before opening statement.

### D. Case in Chief

1. Counsel shall have his or her witnesses readily available to testify so that there are no delays in the presentation of evidence to the trier of fact.

2. At the close of each trial day, counsel shall disclose his or her anticipated witnesses and order of presentation for the next day, so that any scheduling or evidentiary issues may be raised at that time.

### E. Witnesses

1. Before approaching a witness, counsel shall secure leave of Court to approach the witness.

2. Before approaching a witness with a writing, counsel shall first show the writing to opposing counsel.

### F. Exhibits

1. All exhibits shall be marked and identified in accordance with the instructions in the pretrial order.

2. An exhibit shall not be published to the jury until it has been admitted into evidence and counsel has secured leave of Court to publish the exhibit.

3. The Court usually will conduct an on the record review of the exhibits that have been admitted in evidence at the conclusion of each party's case in chief and after each party has rested its entire case.

4. Defendant will retain the exhibits pending a decision on appeal.

### G. Objections

1. No speaking objections or arguments are permitted in the presence of the jury. Counsel shall state the specific legal ground(s) for the objection, and the Court will rule based upon the ground(s) stated. The Court will permit counsel to argue the matter at the next recess.

2. The Court will not assume that any objection made also implies with it a motion to strike an answer that has been given. Therefore, counsel who has made an objection and who wishes to also have an answer stricken must specifically move to strike the answer.

### H. Closing Argument

1. Counsel may use visual aids in presenting the closing argument. However, any proposed visual aids shall be shown to opposing counsel before closing argument.

**XX.    Objections to Pretrial Order**

Either party may file and serve written objections to any of the provisions of this order

within **seven (7) days** from the date of service of the order. Such objections shall specify the requested modifications, corrections, additions or deletions.

**XXI.**        <u>**Miscellaneous Matters**</u>

None.

\*\*\*

<u>FAILURE TO COMPLY WITH ALL PROVISIONS OF THIS ORDER MAY BE GROUNDS FOR THE IMPOSITION OF SANCTIONS, INCLUDING POSSIBLE DISMISSAL OF THIS ACTION OR ENTRY OF DEFAULT, ON ANY AND ALL COUNSEL AS WELL AS ON ANY PARTY WHO CAUSES NON-COMPLIANCE WITH THIS ORDER.</u>

IT IS SO ORDERED.

Dated:   November 2, 2015                               _____
                                                         SENIOR DISTRICT JUDGE